IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KAREN COOK                                                                                      PLAINTIFF

V.                                              NO. 13-5178

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Karen Cook, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current application for SSI on February 7, 2011, alleging an inability to work since June 1, 1998, due to fibromyalgia, back problems, neck problems, scoliosis, carpal tunnel, and right shoulder pain. (Tr. 94-102, 116, 120). An administrative hearing was held on April 11, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 28-38).

By written decision dated May 31, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - fibromyalgia. (Tr. 20). However, after reviewing all of the evidence presented, the ALJ

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. 416.967(c). (Tr. 21). The ALJ determined that during the relevant time period, considering Plaintiff's age, education, and work experience, a finding of "not disabled" was directed by Medical-Vocational Rule 203.28. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 28, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc.8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred by finding that Plaintiff's carpal tunnel syndrome was not a severe impairment; 2) The ALJ erred in his RFC assessment; and 3) The ALJ erred in discounting Plaintiff's subjective complaints. (Doc. 12).

#### A. Severe Impairment:

Plaintiff argues that her carpal tunnel syndrome is a severe impairment. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

In his decision, the ALJ recognized that the results of Plaintiff's EMG testing on August 16, 2011, showed mild carpal tunnel syndrome, and that Dr. Miles Johnson recommended conservative management with wrist cock-up splints and non-steroid medications. (Tr. 20, 237). The ALJ therefore concluded that Plaintiff's carpal tunnel syndrome had no more than a minimal effect on her physical ability to do basic work activities and was therefore non-severe. (Tr. 20). This conclusion is further supported by the fact that on August 16, 2011, Dr. Joseph Ivy found that Plaintiff had general normal strength and range of motion throughout her upper and lower extremities. (Tr. 247). In addition, on November 7, 2011, Dr. Marianela Lavena noted that since Plaintiff's hysterectomy, she had been having pain in her left hand, and that neurontin was not

AO72A
(Rev. 8/82)

helping much. However, Dr. Lavena also noted that Plaintiff reported taking care of her grand kids and cleaning all day. (Tr. 223). By December 12, 2011, Plaintiff reported she was still having pain and numbness in her hands (Tr. 221), but on January 16, 2012, Plaintiff reported to Dr. Lavena that she was using wrist splints and it was helping a lot and that neurontin was also helping. (Tr. 219).

Plaintiff alternatively argues that the ALJ failed to appropriately consider the non-severe impairments in combination. In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 19). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 19). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 19). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 21). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's carpal tunnel syndrome had no more than a minimal effect on Plaintiff's activities and was therefore non-severe.

**B.     RFC Determination:**

Plaintiff argues that the ALJ erred in not finding Plaintiff's neck problems, carpal tunnel syndrome, cervical cancer, or mental problems were severe impairments and that in light of these additional impairments, the ALJ's finding that Plaintiff can perform the full range of medium work with no additional non-exertional limitations is not based on substantial evidence.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In his decision, the ALJ found it was reasonable to assume that Plaintiff did experience some limitations due to her fibromyalgia impairment, but that the degree to which it was functionally limiting was an issue which was very much open to question. (Tr. 22). The ALJ then discussed the fact that the medical records showed that Plaintiff had a longstanding history of conservative medical treatment and medications that had been successful in relieving her

symptoms as long as she remained compliant. (Tr. 22). The ALJ discussed the fact that Plaintiff reported successful treatment of fibromyalgia with Savella, which she stopped. (Tr. 22). On April 13, 2011, Plaintiff was seen by Dr. Latifat Ogon, and his report indicated that Plaintiff had a history of fibromyalgia diagnosed about 15 years prior, that she was on Savella "which was helpful," but could not afford it so she discontinued it four months prior. (Tr. 199). At that time, she was not using any pain medication. (Tr. 199). Dr. Ogon noted that Plaintiff's strength in both upper and lower limbs was 5/5. He assessed Plaintiff with elevated blood pressure reading without diagnosis of hypertension, cervicalgia, fibromyalgia and "neuropathy in other Dis - r/o cervical radicuolopathy." (Tr. 199-200).

On April 4, 2011, Dr. Tad Morgan conducted a General Physical Examination of Plaintiff. (Tr. 181-185). Dr. Morgan noted that Plaintiff smoked two cigarettes per day, had some "stiffness with lat motion in neck-thyroid ok," the range of motion of her extremities was within normal limits, the range of motion of her cervical spine rotation was 0-70 degrees instead of 0-80 degrees; her gait/coordination was normal; she could perform all limb functions; and she had 100% normal grip in both hands. (Tr. 183-184). Dr. Morgan diagnosed Plaintiff with fibromyalgia by history, and chronic pain in neck, shoulder, and arms, - with questionable etiology. (Tr. 185). Dr. Morgan concluded that Plaintiff had "mild limitation" in her ability to lift, carry, handle, and finger. (Tr. 185).

On April 11, 2011, non-examining consultant, Dr. Jonathan Norcross, completed a Physical RFC Assessment form, and concluded that the medical records supported a medium RFC. (Tr. 194).  By June 3, 2011, Plaintiff was seen by Dr. Ogon, who found that Plaintiff reported the neck pain was controlled with naprosyn and flexeril and she had mild relief with

the neurontin. (Tr. 195). At that time, Plaintiff reported smoking 6-10 cigarettes per day, and was thinking about quitting. (Tr. 195). On August 9, 2011, Plaintiff reported to Dr. Ogon that she was smoking about 10 cigarettes or more a day, but less than a pack. (Tr. 230). Plaintiff also reported to Dr. Ogon that the pain and numbness was controlled with present medications, and that she needed refills. (Tr. 230). Dr. Ogon diagnosed Plaintiff with cervicalgia, tobacco use disorder, and petechia.[1] (Tr. 230).

The ALJ noted that no physician placed any functional restrictions on her activities that would preclude work activity within his RFC determination. (Tr. 23). He concluded that Plaintiff could perform medium work without experiencing significant exacerbation of her symptoms. He essentially concurred with the opinions of the state agency consultants. (Tr. 23).

Based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's RFC determination.

### C.    Credibility Findings:

Plaintiff argues that Plaintiff's medical treatment has not been conservative and her medication has not always dealt adequately with her symptoms. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may

---

[1] Petechia - Minute hemorrhagic spots, of pinpoint to pinhead size, in the skin, which are not blanched by pressure. Stedman's Medical Dictionary 1468 (28th ed. 2006).

-8-

discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ specifically reported that the factor of subjective pain and discomfort had been duly recognized and considered. (Tr. 22). He continued:

> Yet, all such subjective pain and discomfort is not necessarily disabling. The mere inability to work without some degree of pain or discomfort, of a minimal to mild nature, does not necessarily constitute a "disability" for Social Security purposes. The Administrative law Judge has attempted to discharge his duty to find the nature, degree, and level of the claimant's subjective pain and other discomfort, and the functional restrictions which it imposes, by carefully considering all pertinent evidence in the record as a whole. In a pain report the claimant stated that she napped/rested twice or more each day. She reported constant pain in the hips, neck, back, feet, legs, hands, and arms. The pain was relieved with medication and using a pillow at her neck and back (Exhibit 4E). The undersigned finds in this case that some degree of pain is substantiated by the record, however, the claimant's relief seeking behavior and treatment is not indicative of a degree of pain that would limit activities beyond the scope of the residual functional capacity as determined in this decision.

(Tr. 22-23). The ALJ further states that he did not discount all of Plaintiff's complaints and recognized that she did experience limitations. However, as no physician placed any functional restrictions on her activities that would preclude work activity with his previously mentioned restrictions, the ALJ found that the RFC was reasonable. (Tr. 23).

It is clear that the ALJ did not totally discount all of Plaintiff's subjective complaints. The ALJ noted that Plaintiff had mild limitations in activities of daily living, mild limitations in social functioning, and mild limitation in concentration, persistence or pace. (Tr. 20-21).Plaintiff had no problems with personal care, was able to prepare meals, take care of grandchildren, and go to church and shop at stores.

Based upon the foregoing, the Court finds there is substantial evidence to support the

ALJ's credibility findings.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

IT IS SO ORDERED this 30th day of September, 2014.

/s/ *Erin L. Setter*
HONORABLE ERIN L. SETTER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)